FILED

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

LARRY W. PROPES, CLERK
COLUMBIA, S.C.

COLUMBIA DIVISION

| | | |
|---|---|---|
| Jackson Lewis, L.L.P., | ) | Civil Action No. |
| | ) | |
| Plaintiffs, | ) | 3 04 1045 10 |
| | ) | |
| vs. | ) | Complaint |
| | ) | |
| EnerSys, Inc., | ) | Jury Trial Requested |
| | ) | |
| Defendants. | ) | |

COMES NOW the Plaintiff, Jackson Lewis LLP ("Jackson Lewis"), by and through its undersigned attorneys, complaining of the Defendant, EnerSys, Inc. ("EnerSys" or "Company"), and alleges as follows:

### NATURE OF THE ACTION

1. This is a civil action arising out of Defendant's breach of an agreement between the parties, as well as Defendant's tortious conduct in matters related to the breach.

### JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1332.

### VENUE

3. Venue is proper in the District Court of South Carolina pursuant to 28 U.S.C. § 1391.

## PARTIES

4. Plaintiff is a Limited Liability Partnership organized and existing under the laws of the State of New York, with its principal office in White Plains, New York. Plaintiff provides legal services throughout the United States to management on a variety of work-related issues. Plaintiff has an office in Greenville, South Carolina.

5. Defendant EnerSys, Inc. ("EnerSys" or "Company"), EnerSys is a Delaware corporation authorized to conduct business in the State of South Carolina. Defendant EnerSys is one of the largest battery manufacturers in the world and previously operated a battery manufacturing plant at 2315 Cains Mill Road, Sumter, South Carolina ("Sumter Plant").

## FACTS

6. Following an election in 1995, Local #175 of the International Union of Electronics, Electrical, Salaried, Machine and Furniture Workers, AFL-CIO (IUE-CWA) ("Union") became the exclusive bargaining representative of the Sumter Plant employees.

7. In 1990, Defendant EnerSys entered into an agreement and retained Jackson Lewis to represent its interest in regard to labor and employment matters at its Sumter Plant.

8. In approximately November 2001, Defendant EnerSys closed in Sumter Plant. Upon information and belief, Defendant EnerSys continues to own the property on which the Sumter Plant previously operated. Defendant EnerSys also owns and operates another business in Sumter, South Carolina, known as Sumter Metals.

9. Since 1990, Jackson Lewis has defended the Company in a number of employment related lawsuits and in contract negotiations, grievances and unfair labor practice charges filed by the Union.

2

10. Jackson Lewis continued to provide legal services to Defendant EnerSys into 2004.

11. Jackson Lewis has spent significant attorney time on employment litigation, for which Defendant EnerSys had in the past consistently paid Jackson Lewis its fees. Jackson Lewis has also incurred expenses on behalf of Defendant EnerSys in the course of its representing the company in the employment litigation.

12. Since October of 2003, Defendant EnerSys has unjustifiably refused to pay Jackson Lewis for legal services rendered to the Company and expenses incurred in connection with its representation of the Company.

13. As of March 1, 2004, Defendant EnerSys owes to Jackson Lewis a sum in excess of $263,000.00.

14. Defendant EnerSys has never informed Jackson Lewis that it did not intend to pay Jackson Lewis its fees or expenses incurred from October 2003 through the present.

15. Defendant EnerSys has knowing, intentionally and without justification refused to pay Jackson Lewis its legal fees and the expenses the firm incurred on behalf of Defendant EnerSys.

### FOR A FIRST CAUSE OF ACTION
(Breach of Contract)

16. Plaintiff realleges each and every allegation in Paragraph 1 through 21 above as if set forth herein verbatim.

17. Under the terms of the agreement between the parties, Defendant EnerSys agreed to compensate Jackson Lewis for attorney time and expenses incurred in the representation of the Company in employment and labor matters.

18. The agreement constitutes a contract between Jackson Lewis and Defendant EnerSys.

19. Jackson Lewis has spent numerous hours of attorney time and incurred expenses in connection with its representation of the Company for which Defendant EnerSys has failed to pay.

20. Defendant EnerSys has breached the terms of the agreement with Jackson Lewis.

21. Defendant EnerSys is liable to Plaintiff for actual damages resulting from its breach of contract as aforesaid.

## FOR A SECOND CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)



22. Plaintiff relleges each and every allegation in Paragraphs 1 through 27 above as if repeated herein verbatim.

23. Implicit in the contract between Plaintiff and Defendant are covenants of good faith and fair dealing.

24. In breaching the terms of his contracts with Plaintiff, Defendant EnerSys breached the implied covenants of good faith and fair dealing.

25. Defendant EnerSys is liable to Plaintiff for actual damages resulting from the breach of said covenants as aforesaid.

## FOR A THIRD CAUSE OF ACTION
### (Breach of Contract Accompanied by a Fraudulent Act)

26. Plaintiff relleges each and every allegation in Paragraphs 1 through 31 above as if repeated herein verbatim.

27.   In breaching the terms of its contract with Plaintiff, Defendant acted with fraudulent and dishonest intent and committed one or more fraudulent, dishonest, and unfair acts.

28.   Defendant Enersys is liable to Plaintiff for actual and punitive damages resulting from the breach of contract accompanied by fraudulent acts as aforesaid.

### FOR A FOURTH CAUSE OF ACTION
### (Quantum Meruit)

29.   Plaintiff relleges each and every allegation in Paragraphs 1 through 34 above as if repeated herein verbatim.

30.   Plaintiff provided valuable legal services to Defendant EnerSys and paid expenses related to its representation of the Company.

31.   Defendant EnerSys accepted and enjoyed the benefit of the legal services provided by Plaintiff and expenses paid on Plaintiff's behalf.

32.   Defendant EnerSys had previously paid Plaintiff for legal services and expenses incurred by it in connection with its representation of the Company in labor and employment matters.

33.   Defendant EnerSys allowed Plaintiff to continue to represent its interest in a number of employment related matters following the Company's settlement with the Union.

34.   Defendant EnerSys never informed Plaintiff that it did not intend to pay its fees or expenses incurred from October 2003 through the present.

35.   Defendant EnerSys is liable to Plaintiff for the reasonable value of legal services rendered to and expenses paid on Plaintiff's behalf.

5

WHEREFORE, Plaintiff prays for judgment against Defendant for actual damages and punitive damages, for costs related to this action and for such other and further relief as this Honorable Court may deem just and proper.

NELSON MULLINS RILEY & SCARBOROUGH, L.L.P.

By: _____
R. Bruce Shaw
Federal Bar No. 3802
C. Mitchell Brown
Federal Bar No. 5283
Jeffrey S. Patterson
Federal Bar No. 6603
Keenan Building, Third Floor
1330 Lady Street
Post Office Box 11070 (29211)
Columbia, SC  29201
(803) 799-2000

Attorneys for Jackson Lewis, L.L.P.

Columbia, South Carolina
April 2nd, 2004.

CERTIFICATE OF SERVICE

I, the undersigned Administrative Assistant, of the law offices of Nelson Mullins Riley & Scarborough, L.L.P., attorneys for Jackson Lewis, L.L.P., do hereby certify that I have served all counsel in this action with a copy of the pleading(s) hereinbelow specified by mailing a copy of the same by United States Mail, postage prepaid, to the following address(es):

Pleadings:
    Summons and Complaint

Counsel Served:

    EnerSys, Inc.
    c/o Corporation Service Co.
    5000 Thumond Mall Boulevard
    Columbia, SC 29201

Rebecca D. Baker
Administrative Assistant

April 2, 2004